**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN H. WODKA, individually, derivatively and on behalf of all others similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CAUSEWAY CAPITAL MANAGEMENT LLC; SARAH H. KETTERER; HARRY W. HARTFORD; JAMES A. DOYLE; JONATHAN P. ENG; KEVIN DURKIN; TURNER SWAN; GRACIE V. FERMELIA; MARK CONE; JOHN A. G. GAVIN; ERIC H. SUSSMAN; CAUSEWAY CAPITAL MANAGEMENT TRUST, Nominal Defendant, DBA Causeway International Value Fund, <br><br> Defendants - Appellees. | No. 09-56733 <br><br> D.C. No. 2:09-cv-02625-R-RC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted May 2, 2011
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

Steven Wodka appeals the district court's dismissal of his claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), *see Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000), and we affirm.

To state a civil RICO claim, a plaintiff must show "that a RICO predicate offense 'not only was a "but for" cause of his injury, but was the proximate cause as well.'" *Hemi Group, LLC v. City of New York*, — U.S. —, 130 S. Ct. 983, 989 (2010) (quoting *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)). "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led *directly* to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006) (emphasis added). There must be "'a direct causal connection' between the predicate wrong and the harm." *Hemi Group*, 130 S. Ct. at 994 (quoting *Anza*, 547 U.S. at 460). "A link that is 'too remote,' 'purely contingent,' or 'indirec[t]' is insufficient." *Id.* at 989 (quoting *Holmes*, 503 U.S. at 271, 274).

Applying these principles, we hold that the district court correctly dismissed Wodka's claims for lack of proximate causation under RICO. The decline in the value of Wodka's shares of the Causeway International Value Fund was not the direct result of the defendants' alleged ownership and financing of illegal gambling operations. Rather, Wodka's losses were directly caused by a series of intervening actions undertaken by independent, third party actors during the summer and fall of 2006, including the passage of the Unlawful Internet Gambling Enforcement Act of 2006, 31 U.S.C. § 5361 *et seq*., several law enforcement actions taken against two other Internet-based gambling companies, PartyGaming's withdrawal from the U.S. market, and various decisions made by investors to sell off their shares of PartyGaming and NETeller stock. Given all of these factors, we conclude that the cause of Wodka's asserted harm was "a set of actions . . . entirely distinct from the alleged RICO violation" and thus too attenuated for RICO purposes. *See Anza*, 547 U.S. at 458; *see also Hemi Group*, 130 S. Ct. at 990; *cf. Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 658-59 (2008).

Because Wodka fails to allege facts sufficient to establish a direct causal connection between his injury and the defendants' alleged racketeering activities, we affirm the district court's Rule 12(b)(6) dismissal. We need not reach the alternative grounds for affirmance offered by the defendants, including the

question whether the defendants' purchases of PartyGaming and NETeller stocks constitute RICO predicate acts.

**AFFIRMED.**